**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFREY MCINTOSH,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CORRECTIONAL OFFICER TAYLOR, CORRECTIONAL OFFICER VINSON, and CORRECTIONAL OFFICER FREEMAN,**<br><br>**Defendants.** | ) | **Case No. 26-CV-00030-MAB** |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Jeffrey McIntosh, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. McIntosh's original Complaint (Doc. 1), alleging an assault by an inmate, was dismissed without prejudice for failure to state a claim (Doc. 13). He was granted leave to file an amended pleading. In his Amended Complaint (Doc. 15), McIntosh again alleges that he was assaulted by another inmate.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

On October 31, 2025, McIntosh's cellmate had their cell door opened so that he could attend an appointment in the healthcare unit (Doc. 15, p. 6). McIntosh alleges that after his cellmate left, McIntosh noted that the door was not completely closed and he got off his bunk and closed the cell door (*Id.*). Five minutes later he saw Inmate Castro walk past his cell and heard a door click open. McIntosh did not realize that it was his cell door opening until Castro approached his door and started yelling at him (*Id.*). McIntosh contends the whole unit could hear Castro as he yelled that McIntosh was a sex offender and then proceeded to punch McIntosh in the head and face (*Id.* at pp. 6-7). Castro then strangled McIntosh and again punched him in the head, causing him to lose consciousness (*Id.* at p. 7). Castro left and slammed the cell door shut behind him.

McIntosh's cellmate returned almost immediately and requested Officer Taylor to "pop" his cell door (Doc. 15, p. 7). Another inmate informed his cellmate that Castro attacked McIntosh. His cellmate tried to push the emergency button which did not work and then he informed Correctional Officer Vinson of McIntosh's injuries (*Id.* at pp. 7-8). Officers Vinson and Freeman returned to the cell with a sergeant and took Castro to intel to speak with officers while taking McIntosh to segregation under investigative status (*Id.* at p. 8). McIntosh later spoke to intel and gave a signed statement (*Id.*). McIntosh alleges

that he remained in segregation for sixteen days (*Id.*). Despite being told that he would receive medical care on Monday, he did not receive medical attention until he was returned to general population (*Id.*). After the sixteenth day, he was returned to general population and two days later was taken to the healthcare unit for x-rays (*Id.*).

**Discussion**

McIntosh once again fails to state a claim. Although he mentions several officers throughout his pleading, he fails to allege how each violated his constitutional rights. In his request for relief, he alleges that he is suing "the administration" for failing to protect him (Doc. 15, p. 9). In order to state a failure to protect claim, a plaintiff must allege that "he was incarcerated under conditions posing a substantial risk of serious harm and…the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotations omitted). A plaintiff must show that prison officials were aware of a specific, impending, and substantial threat to their safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). McIntosh fails to allege that any of the three officers identified as defendants were aware of a specific and substantial threat to McIntosh's safety, particularly as it relates to Inmate Castro. McIntosh alleges that he saw Castro walk past his cell and heard his cell door "pop" but there are no allegations to suggest that any of the officers opened McIntosh's cell for Castro or had any knowledge of the impending assault. He also alleges that Castro yelled loudly but there are no allegations to suggest that any of the defendants were present or had a chance to intervene. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). McIntosh also notes that

he did not receive medical care until 16 days after the assault, but there are no allegations to suggest that he requested medical care from any of the named defendants. Thus, McIntosh once again fails to state a claim.

This is McIntosh's second attempt at stating a viable claim and he has been unable to do so. The Court finds that further amendment would be futile. Thus, McIntosh's Amended Complaint is **DISMISSED with prejudice**.

## Disposition

For the reasons stated above, McIntosh's Amended Complaint (Doc. 15) is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**